IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 10, 2001 Session

## DEBRA SMITH v. EZ PAWN COMPANY, ET AL.

Appeal from the Chancery Court for Anderson County
No. 00CH0362      William E. Lantrip, Chancellor

### FILED AUGUST 28, 2001

### No. E2000-02741-COA-R3-CV

This is a suit by Debra Smith seeking damages against EZ Pawn Company and others because of sexual harassment visited upon her by James Cameron, the owner of the company. The Trial Court found that her claim under the Tennessee Human Rights Act and under the Malicious Harassment Statute were barred by the applicable statute of limitations. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Jerrold L. Becker, Knoxville, Tennessee, for the Appellant, Debra Smith

David S. Clark, Oak Ridge, Tennessee, for the Appellees, EZ Pawn Company, EZ Enterprises and James Cameron

### OPINION

Debra Smith appeals the Trial Court's dismissal of her suit seeking damages against EZ Pawn Company, EZ Enterprises and James Cameron for sexual harassment under the Tennessee Human Rights Act in violation of T.C.A. 4-21-101, et seq., and malicious harassment in violation of T.C.A. 4-21-701, et seq. The Trial Court was of the opinion that both claims were barred by the applicable statute of limitations. Although the motion filed by the Defendants is styled "Motion to Dismiss and/or Motion for Summary Judgment," it would appear that the Trial Court sustained the motion to dismiss as no affidavits or depositions were introduced.

Her issue on appeal contends that the Trial Court erred in dismissing her complaint because Mr. Cameron engaged in a continuing violation of her rights.

The record is clear that Ms. Smith was employed in February 1994 by Mr. Cameron and, according to her complaint, forced to retire on or about July 30, 1998. It is also clear that the initial suit filed on October 14, 1999, in Knox County, which was non-suited, was more than one year after the termination of her employment. She insists, however, that the statute did not bar her claim because of continuing acts occurring after her termination and less than one year from the filing of her Knox County suit.

As to EZ Pawn Company and EZ Enterprises, it appears that there are no such legal entities subject to suit and at best the complaint should be styled "James Cameron, d/b/a EZ Pawn Company and EZ Enterprises." Consequently, the Trial Court acted properly in granting summary judgment as to the Company and Enterprises.

As to Mr. Cameron, it appears that the statute of limitations as to both causes of action is one year and that the initial filing of the complaint in Knox County was more than one year after the alleged acts of Mr. Cameron. Ms. Smith, however, took a non-suit as to the case in Knox County and re-filed a virtually identical case in Anderson County, which, as already noted, was dismissed. The entry of summary judgment as to Mr. Cameron is based upon the one-year statute of limitations. Ms. Smith contends, however, that the one-year statute was extended by an allegation of continuing discrimination and cites several Federal cases in support of this assertion.

Although we have reviewed the Federal cases cited, we believe the definitive case addressing the question was decided by our own Supreme Court in the case of Spicer v. Beaman Bottling Co., 937 S.W.2d 884 (Tenn. 1996), wherein the Court stated the following (at page 889).

> State courts adopting the continuing violation doctrine enumerate several factors that militate against strict application of the statute of limitations in the context of employment discrimination. Sumner v. Goodyear Tire & Rubber Co., 427 Mich. 505, 398 N.W.2d 368, 377 (1986). First, they emphasize that Title VII is a remedial statute designed to eliminate discrimination and make parties whole. Second, they stress that employees are generally lay people and are unaware that they must act quickly or risk losing their cause of action. Often employees fear reprisal or turn to others for help, and in so doing, delay action on their cause until the statute has expired. Finally, and perhaps most importantly, those courts recognize that many discriminatory acts cannot be viewed as discrete incidents, and often unfold rather than occur, making it difficult to precisely pinpoint the time when they take place. *Id.*

> Although application of the continuing violation doctrine is not always clear and simple, there appears to be near universal agreement as to the abstract legal formulation of the doctrine. After a review of the relevant case law, we find persuasive the rationale supporting the continuing violation doctrine and adopt it in Tennessee. Courts have recognized, however, only two narrowly limited instances in which the continuing violation doctrine applies. The first category

arises where there is some evidence of *present* discriminatory activity giving rise to a claim of a continuing violation, for example where an employer continues to presently impose disparate work assignment or pay rates between similarly situated employee groups. Key to establishing this exception is proof that at least one of the forbidden discriminatory acts occurred within the relevant limitations period. Dixon, 928 F.2d at 216. (Emphasis in original.)

The second category of "continuing violation" arises where there has been a longstanding and demonstrable policy of discrimination such as an established and repeated pattern of paying men more than women. See, e.g., Janikowski v. Bendix Corp., 823 F.2d 945, 948 (6th Cir. 1987). To constitute such an established pattern, the plaintiff must clearly demonstrate some "overarching policy of discrimination," and not merely the occurrence of an isolated incident of discriminatory conduct. *Id.*

Clearly, in the case at bar, under the allegations of the complaint, it cannot be said that the most important factor the Supreme Court says we should consider–"discrete incidents, and often unfold rather than occur, making it difficult to precisely pinpoint the time when they take place"–are present in that Ms. Smith certainly understood the sexual harassment occurring from its inception. Moreover, it is difficult to understand how any continuing action after her termination, which occurred outside the workplace, would meet the test laid down in Spicer.

The reasoning applied as to the first point above set out would also apply to the case of intentional infliction of emotional distress.

Finally as to both points, the complaint relative to continuing violation is imprecise and, for the most part, conclusory.

Mr. Cameron's motion that this be declared a frivolous appeal is denied.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Debra Smith and her surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE